GUILLERMO VÉLEZ SEGARRA, Plaintiff and Appellant, *v.* GENERAL MOTORS ACCEPTANCE CORPORATION ET AL., Defendants and Appellees.

No. 8316. Argued December 2, 1941.—Decided December 10, 1941.

*E. Martínez Avilés* for appellant. *Emilio S. Belaval* and *Esteban Susoni* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In July 1940, Guillermo Vélez Segarra brought, in the District Court of San Juan, an action against General Motors Acceptance Corporation and Arecibo Motors, a commercial partnership, to recover $1,815 as damages.

General Motors Acceptance Corporation set up that there was a misjoinder of parties defendant on the grounds which it stated, and that the complaint did not state facts sufficient to constitute a cause of action. Arecibo Motors filed a motion to strike out.

After the case had been included in the calendar, a hearing on the demurrers and motion filed was held and on December 26, 1940, the court, in deciding the demurrer for insufficiency, held that the facts were not sufficient to sustain certain items claimed, and that those which might be sufficient could only serve as the basis for a claim for a lesser sum than the required jurisdictional amount, and it, therefore, disclaimed jurisdiction of the case and gave judgment dismissing the action and adjudging the plaintiff to pay the costs, including $50 as attorney's fees.

The plaintiff took an appeal. He has assigned three errors committed by the district court, as he claims, in sustaining the demurrer and in entering judgment without giving him an opportunity to amend his complaint; in adjudging him guilty of obstinacy and to pay attorney's fees; and in adjudging him to pay costs and attorney's fees to Arecibo Motors, which had confined itself to the filing of a motion to strike out.

Let us examine the first assignment. We will start by stating the allegations of the complaint. The trial court, in its opinion filed, correctly summarized such allegations, thus:

"The complaint alleges, in short, that the plaintiff and his wife bought from defendant Arecibo Motors an automobile on a conditional sale contract which was subsequently assigned to the other defendant, General Motors Acceptance Corporation; that upon default in the payment of two installments, defendant General Motors Acceptance Corporation, without any previous judicial order and against the will of the plaintiff, seized the automobile and deposited it with Arecibo Motors; that subsequently Arecibo Motors brought an action against the plaintiff and his wife to recover the purchase

price and, as security for the judgment, attached certain real property which appeared recorded as belonging to plaintiff's wife, and it likewise attached the automobile conditionally sold; that the attached real property did not belong to plaintiff's wife, a fact which was notified by plaintiff to Arecibo Motors without the latter proceeding to dissolve the attachment; that the actual owners of the property in question complained that the plaintiff had not taken the proper steps to dissolve the attachment, in view of which plaintiff herein felt himself compelled to compromise the case with defendant Arecibo Motors in order to secure the release of the attachment.

"The complaint ends with the allegation that by reason of the aforesaid acts, alleged to have been performed in bad faith by both defendants 'which have acted together and by mutual agreement in these proceedings,' plaintiff has sustained the following damages:

| | |
|---|---:|
| "Balance between the value of the automobile and the amount due thereon at the time the former defendant seized the same | $285. 00 |
| "Loss of anticipated profits that might have been made by plaintiff from the use of his automobile by the public | 355. 00 |
| "Traveling expenses and loss of working days resulting to the plaintiff from the wrongful action of defendants | 75. 00 |
| "Disbursed for attorney's fees | 100. 00 |
| "Mental suffering unnecessarily caused by defendant to plaintiff and his wife, by reason of the wrongful and arbitrary proceedings against them | 1, 000. 00 |
| "Total | $1, 815. 00." |

It then referred to the demurrer for insufficiency, and said:

"As may be seen, the only tortious act charged in the complaint against the defendants or either of them is that defendant General Motors Acceptance Corporation seized the automobile without a writ of seizure and against the plaintiff's will. It does not appear from the complaint that in the proceedings instituted by the Arecibo Motors any right of the plaintiff had been injured. If the real property attached by Arecibo Motors appeared recorded in the name of plaintiff's wife, Arecibo Motors was justified in attaching the same, and the mere fact that the plaintiff had stated to Arecibo Motors

that the property did not belong to his wife did not obligate Arecibo Motors to release the attachment. The remedy of plaintiff's wife and of the actual owners of the attached property, who through negligence or some other reason allowed such property to appear of record in the name of plaintiff's wife, was to institute the proper proceeding before the court to dissolve the attachment. In any event, if anybody was prejudiced by the levy of the attachment, it it was the actual owners of the attached property but not the plaintiff or his wife. The plaintiff was simply compelled to satisfy a valid obligation. Any expenses or suffering, whether mental or otherwise, which may be sustained by a debtor in paying a creditor an obligation lawfully incurred is not ground for compensation. Similarly as to any mental suffering caused by the tortious act charged against General Motors Acceptance Corporation. It might be otherwise as to the expenses that may have been incurred by plaintiff in connection with the act charged against the General Motors Acceptance Corporation; but the complaint fails to allege any expenses incurred by reason of such act.

"The foregoing disposes of the last three items of damages amounting to $1,175, claimed by the plaintiff. There remain to be considered the first two items. The first item, that is, the difference between the value of the automobile and the sum due thereon at the time of the seizure by the General Motors, amounting to $285, is perhaps recoverable on the basis of the doctrine of conversion, that is, the doctrine that he who wrongfully seizes property belonging to another is obliged to pay for the value of the thing just as if he had bought it. The second item is at variance with the first, inasmuch as anticipated profits are claimed by the plaintiff from the use of the automobile. If the plaintiff elects to compel General Motors or both defendants to compensate him for the value of the automobile, by reason of the tortious act alleged in the complaint, he would not be entitled to claim the value of the use of the automobile. The plaintiff might be entitled to recover either the value of the automobile, appraised at $285, or the value of the use thereof, estimated at $355, but never both amounts. See *Rodríguez* v. *Martínez, Jr.,* 55 P.R.R. 56, and *Colón* v. *Shell Co.,* 55 P.R.R. 575. Therefore, what the complaint alleges, at the most, is the right of the plaintiff to the sum of $355 as damages. I think, therefore, that this court is without jurisdiction to take cognizance of the complaint."

Lastly, it stated the grounds for refusing leave to amend and gave judgment as follows:

"We have no reason for supposing that in filing his complaint the plaintiff chose to assess the damages which he alleges to have suffered at a lesser sum than the true amount thereof, and consequently we think that the complaint does not lend itself to such amendments as might vest this court with jurisdiction in the premises, and that leave to amend should not be granted to the plaintiff."

We agree with the trial court that the only tortious act charged in the complaint is the seizure of the automobile without a judicial order, and that from the facts as alleged no right arises to recover by reason of the conduct of Arecibo Motors in attaching the property recorded in plaintiff's name.

We also agree that the claim for the loss of anticipated profits ($355) is incompatible with the claim for the difference between the value of the automobile and the balance due ($285), only one of such claims being proper; and that even by taking the larger item and adding to it the sum of $75 as traveling expenses the jurisdictional amount would not be reached.

We likewise think that the item of attorney's fees claimed is not justified, and the doctrine laid down in *Díaz* v. *García,* 47 P.R.R. 448, cited, is not applicable herein, because in that case the amount claimed as damages was the sum disbursed by the plaintiff as attorney's fees in another suit where an attachment was levied, while in the instant case, disregarding the claim for damages by reason of the attachment of the property recorded in the name of plaintiff's wife and confining the action to the wrongful seizure of the automobile by General Motors Acceptance Corporation, the only attorney's fees to be granted are those disbursed by reason of the action itself, and such fees are not actually claimed as damages but as attorney's fees resulting from the action and are not considered in determining the jurisdictional amount.

■ However, we do not agree with the trial court that "the mental suffering caused by the tortious act charged against General Motors Acceptance Corporation is not ground for compensation." This disagreement leads us to the conclusion that the court erred in not giving the plaintiff an opportunity to amend his complaint, because without changing the amount of the damages as estimated by him personally, he might amend his averments in such a way as to present a proper case to be originally determined by the district court.

If the wording of the last claim for $1,000 is observed, it will be seen that it covers all the acts alleged, including that of the seizure of the automobile without due process of law.

That being so, even though the action were restricted, as it should be, to the alleged wrongful seizure of the automobile, without changing the theory of the complaint, the latter might be amended by confining the claim for damages on account of mental suffering to those, if any, caused by the aforesaid seizure.

That a claim for damages for mental suffering is proper in cases of this kind, where the necessary basic circumstances exist, has been decided by this court in *Mejías* v. *López*, 51 P.R.R. 20, thus:

"The basis of the action brought is the wrongful act alleged to have been committed by the defendants in forcibly entering the home of the plaintiff and in doing there the things charged against them as having caused the plaintiff the anxiety, mental anguish, and nervous prostration for which indemnity is sought, in the sum of three thousand dollars."

"* * * * * * *

"If the plaintiff failed to comply with the terms of the contract between her and the defendants, the latter had an adequate remedy under the Conditional Sales Act itself. Section 6 thereof affords the vendor the legal means for retaking the thing sold. But plaintiff's default was no justification for the vendor to take the law into his own hands, to enter forcibly the plaintiff's home which it was

the defendant's duty to respect, as required by law, or to seize the thing sold in the forcible, ostensible, and inconsiderate manner alleged in the complaint, thereby causing the plaintiff the specified damages.''

In view of the foregoing conclusions, the judgment appealed from must be reversed and, consequently, the pronouncement of costs and attorney's fees must be set aside and the plaintiff allowed ten days, counted from the transmission of the mandate to the district court, to amend his complaint.